# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. GAMBLE, | ) | CASE NO. 1:19 CV 1697 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ZAGARA'S MARKET PLACE, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Michael R. Gamble filed the above-captioned action against Zagara's Market Place. In the Complaint, he alleges that while he was a patron shopping at Zagara's Market on June 9, 2018, an employee at the floral station blocked his exit from the store and accused him of shoplifting an alcoholic beverage. He produced a receipt and she returned to her station without further incident. Plaintiff alleges he was the victim of discrimination on the basis of his "race Hebrew Israelite," his male gender and a disability which he does not describe. He claims the Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Americans with Disabilities Act ("ADA"). He seeks $ 25,000.00 in damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

**Analysis**

As an initial matter, both of the statutes under which the Plaintiff expressly seeks relief, Title VII and Title I of the ADA, pertain to discrimination in the context of employment. Plaintiff's allegations clearly do not involve employment discrimination. He has not asserted a plausible claim under Title VII or Title I of the ADA.

Furthermore, although Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation, *see* 42 U.S.C. § 12181(7), to establish a *prima facie* case of

discrimination under Title III, a Plaintiff must demonstrate that he has a disability; the defendant owns, leases, or operates a place of public accommodation; and the Defendant has discriminated against him on the basis of disability in the full and equal enjoyment of that place of public accommodation. *Jones v. Natural Essentials, Inc.*, No. 5:16 CV 93, 2017 WL 1133945 at *7 (N.D. Ohio 2017). Plaintiff states he has a disability but provides no information regarding the condition he believes to qualify him as disabled. Furthermore, he contends an employee in the flower department stopped him and asked to see a receipt, which he produced. Plaintiff does not allege any facts that plausibly support his conclusory assertion that Zagara's discriminated against him on the basis of disability (or on any other unlawful basis). *See Tucker v. victor Gelb*, No. 194 F.3d 1314, 1999WL 801544 (6th Cir. Sept. 28, 1999)(conclusory allegations of discrimination are insufficient to state a plausible claim). Finally, Title III of ADA provides only injunctive relief to a successful Plaintiff, and not monetary damages as the Plaintiff seeks here. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012).

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.